IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GONZALES, JR.,

      Plaintiff,                 No. 2:11-cv-3196 GEB EFB P

   vs.

MATTHEW CATE, et al.,

      Defendants.       <u>ORDER</u>

_____/

     Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

     Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Dckt. No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

## II.  Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

2

**III.    Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it must be dismissed because it does not comply with Rule 8.  This rule requires the pleader to set forth his averments in a simple, concise, and direct manner.  Before undertaking to determine whether the complaint may have merit, the court must insist on plaintiff's compliance with Rule 8, and will accordingly dismiss the complaint with leave to file an amended complaint that contains only "a short and plain statement" of his claims.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases); *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and providing an example of a properly-pleaded claim, which could be "read in seconds and answered in minutes").

Rather than submitting a "short and plain statement" of his claims, plaintiff has filed a complaint that consists of sixty, single-spaced and handwritten pages.  Plaintiff names at least fifteen defendants, along with twenty "Doe" defendants, but throughout the complaint, repeatedly refers generally to "defendants."  By lumping all 35 defendants together in this fashion, the complaint hardly provides defendants with "fair notice" of plaintiff's claims against them.  It also fails to specifically link particular defendants to the many alleged violations of plaintiff's rights.  Moreover, plaintiff purports to describe, in detail, the "direct evidence" that he has in support of his claims.  As this case is only in the pleading stage, however, plaintiff need not support his claims with evidence.  He need only provide " a short and plain statement of the claim showing that [he] is entitled to relief."  As drafted, the complaint is so prolix and convoluted that the court cannot reasonably discharge its screening responsibility under § 1915A until plaintiff complies with the pleading requirements set forth in Rule 8.

////

1    Accordingly, if plaintiff wishes to continue this litigation he must file an amended

2    complaint.  A prisoner pursuing civil rights claims without counsel, like all other litigants, is

3    required to obey the court's orders, including an order to amend his pleading.  *Ferdik v.*

4    *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th

5    Cir. 2002).  Plaintiff's failure to obey the court's orders and the local and federal rules and meet

6    his responsibilities in prosecuting this action may justify dismissal, including dismissal with

7    prejudice.  *Ferdik*, 963 F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's

8    failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan*, 291

9    F.3d at 642 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order

10   requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D.

11   Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with

12   prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d

13   1221, 1232-33 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to

14   prosecute); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without

15   prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of

16   any change of address); *see also* L.R. 183(a) ("Any individual representing himself or herself

17   without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules,

18   and all other applicable law.").

19       Should plaintiff choose to file an amended complaint, the amended complaint must

20   clearly set forth the claims and allegations against each defendant.  It must also adhere to the

21   following requirements:

22       The amended complaint must be written or typed so that it is complete in itself without

23   reference to any earlier filed complaint.  L.R. 220.  This is because an amended complaint

24   supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed

25   complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467,

26   1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated

1  thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

2         The complaint must contain a short and plain statement as required by Fed. R. Civ. P.

3  8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

4  notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev.*

5  *Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

6  particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  It is

7  plaintiff's responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at

8  1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

9         The complaint must identify as a defendant only persons who personally participated in a

10  substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588

11  F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional

12  right if he does an act, participates in another's act or omits to perform an act he is legally

13  required to do that causes the alleged deprivation).

14         It must also contain a caption including the name of the court and the names of all

15  parties.  Fed. R. Civ. P. 10(a).

16         Unrelated claims against different defendants must be pursued in multiple lawsuits.  "The

17  controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, []

18  as independent or as alternate claims, as many claims . . . as the party has against an opposing

19  party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1

20  should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against

21  different defendants belong in different suits, not only to prevent the sort of morass [a multiple

22  claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required

23  filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or

24  appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. §

25  1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2)

26  (joinder of defendants not permitted unless both commonality and same transaction requirements

1   are satisfied).  Any amended complaint may not change the nature of this suit by alleging new,

2   unrelated claims.  *George*, 507 F.3d at 607 (no "buckshot" complaints).

3       Additionally, the court hereby informs plaintiff of the requirements for stating certain

4   claims based on § 1983:

5        A plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and

6   (2) that the violation was committed by a person acting under the color of state law.  *See West v.*

7   *Atkins*, 487 U.S. 42, 48 (1988).  An individual defendant is not liable on a civil rights claim

8   unless the facts establish the defendant's personal involvement in the constitutional deprivation

9   or a causal connection between the defendant's wrongful conduct and the alleged constitutional

10  deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d

11  740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the

12  official is liable for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*,

13  129 S. Ct. 1937, 1948 (2009).  Because respondeat superior liability is inapplicable to § 1983

14  suits, "a plaintiff must plead that each Government- official defendant, through the official's own

15  individual actions, has violated the Constitution."  *Id.*  It is plaintiff's responsibility to allege

16  facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*,

17  572 F.3d 962, 969 (9th Cir. 2009).

18      To state a viable First Amendment retaliation claim, a prisoner must allege five elements:

19  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3)

20  that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

21  First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

22  goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

23      The Eighth Amendment protects prisoners from inhumane methods of punishment and

24  from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

25  2006).  Extreme deprivations are required to make out a conditions of confinement claim, and

26  only those deprivations denying the minimal civilized measure of life's necessities are

1   sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

2   503 U.S. 1, 9 (1992).  Plaintiff must allege facts sufficient to support a claim that prison officials

3   knew of and disregarded a substantial risk of serious harm to the plaintiff.  *E.g., Farmer v.*

4   *Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

5          To state a claim for violation of the right to procedural due process, plaintiff must allege

6   facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and

7   (2) a denial of adequate procedural protections."  *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir.

8   2003).  "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to

9   more adverse conditions of confinement."  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

10  However, state regulations may create a liberty interest in avoiding restrictive conditions of

11  confinement if those conditions "present a dramatic departure from the basic conditions of [the

12  inmate's] sentence."  *Sandin v. Conner*, 515 U.S. 472, 485 (1995).  Under *Sandin*, a liberty

13  interest may exist where placement in administrative segregation "imposes atypical and

14  significant hardship in the inmate in relation to the ordinary incidents of prison life."  *Id.* at 484.

15         When a prisoner alleges a due process violation in connection with a prison official's

16  decision to validate the prisoner as a gang member, "some evidence" must support the decision.

17  *Bruce v. Ylst*, 351 F.3d 1283, 1287–88 (9th Cir. 2003) (citing *Superintendent v. Hill*, 472 U.S.

18  445, 455, (1985)).  Additionally, the inmate must be provided with adequate notice, an

19  opportunity to present his views, and periodic review.  *Toussaint v. McCarthy*, 801 F.2d 1080,

20  1100-01 (9th Cir. 1986); *see also Bruce*, 351 F.3d at 1287 (explaining that only minimal

21  procedural protections apply when assigning suspected gang affiliates to the SHU, because the

22  decision is "'essentially a matter of administrative discretion'" as opposed to a disciplinary

23  measure) (quoting *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997)).

24         To state a conspiracy claim under § 1983, plaintiff must allege specific facts showing two

25  or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took

26  some concerted action in furtherance thereof.  *Gilbrook v. City of Westminster*, 177 F.3d 839,

856-57 (9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him of his rights); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to deprive him of rights may be inferred); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: August 2, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE