UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALES, JR., | No. 2:11-cv-3196-GEB-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983.[1] Plaintiff has submitted a second amended complaint which is before the court for screening.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b).

/////

---

[1] The case was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

The court reviewed plaintiff's original complaint pursuant to § 1915A and dismissed it for violating Rule 8 of the Federal Rules of Civil Procedure.  ECF No. 9 at 3.  Thereafter, plaintiff filed an amended complaint.  ECF No. 10.  The court noted that plaintiff's allegations in the amended complaint regarding separate incidents were intermingled, making it very difficult to determine the scope of plaintiff's claims against each defendant.  ECF No. 11 at 4.  The court also noted that plaintiff's inclusion of lengthy legal conclusions and redundant factual allegations made it difficult for the court to perform its duty under § 1915A.  *Id.* at 4-5.  Nevertheless, the court reviewed the amended complaint and determined that, liberally construed, it stated the following potentially cognizable claims: (1) that defendants Gamberg, Brackett, Marquez, and Harrison violated plaintiff's Fourteenth Amendment right to due process in validating plaintiff as a gang member; and (2) that defendants Cate and Gower violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by retaining plaintiff in the Security Housing Unit.

The court dismissed plaintiff's claims against defendants Wheeler and Lively as improperly joined, explaining:

> Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Any amended complaint may not change the nature of this suit by alleging new, unrelated claims. *George*, 507 F.3d at 607 (no "buckshot" complaints).

ECF No. 11 at 5.  The court also dismissed defendant Smith, as plaintiff failed to plead sufficient facts to state a cognizable claim against him.  *Id.* at 5-6.

/////

The court provided clear instructions to plaintiff on how to proceed:  he could *either* file a second amended complaint, *or* he could submit documents to allow the United States Marshal to serve defendants Cate, Brackett, Gamberg, Gower, Harrison, and Marquez with plaintiff's first amended complaint.  *See id.*  Plaintiff failed to follow these instructions.  Instead, he did both.  On April 5, 2013, plaintiff submitted a second amended complaint, as well as documents for service of process.  Plaintiff's failure to comply with the court's order has delayed the progress of this action.  Since it appears that plaintiff wishes to proceed on his second amended complaint, the court will screen it pursuant to section 1915A.

Like the first amended complaint, the second amended complaint is unnecessarily long, overly detailed in some respects, while too vague and conclusory in others, and confusingly repetitive.  After a careful reading, the court finds that it again states the following potentially cognizable claims: (1) that defendants Gamberg, Brackett, Marquez, and Harrison violated plaintiff's Fourteenth Amendment right to due process in validating plaintiff as a gang member; and (2) that defendants Cate and Gower violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by retaining plaintiff in the Security Housing Unit.

As set forth above, the court thoroughly screened plaintiff's first amended complaint and informed plaintiff of the numerous deficiencies therein.  Plaintiff's second amended complaint fails to correct those deficiencies.  Plaintiff now includes allegations that Smith improperly confiscated his property, that Wheeler used excessive force, committed assault and battery, and retaliated against plaintiff, and that Lively also used excessive force, committed assault and battery, and also conducted punitive and retaliatory cell searches.  As plaintiff is aware, these claims are not properly joined in this action.

Plaintiff asserts that these additional claims are properly joined because Gamberg was a superior officer to Wheeler, Lively, and Smith.   Plaintiff alleges that Wheeler and Lively were present when Gamberg "threatened to make plaintiff's life miserable for failing to cooperate in his investigation."  Plaintiff then alleges that Gamberg, Wheeler, Lively, and Smith were all co-conspirators "to make plaintiff's life miserable" and that Gamberg directed Wheeler, Lively, and Smith, as his "co-conspirators," to "commit retaliatory acts with the improper intent to deprive

plaintiff of his rights." Plaintiff has previously been informed of the requirements for stating a conspiracy claim. S*ee* ECF No. 11 at 4. Plaintiff's conclusory and speculative allegations of a conspiracy are not sufficient to state a valid section 1983 claim. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff's attempt to include in this action his claims against Wheeler, Lively, and Smith, by alleging that they were part of a conspiracy with Gamberg, fails. Plaintiff must pursue his claims against Wheeler, Lively, and Smith in a separate lawsuit.

In addition, plaintiff repeatedly alleges that Gamberg retaliated against plaintiff for failing to participate in Gamberg's investigation, and plaintiff notes that this "retaliation" took place after plaintiff filed inmate appeals. Plaintiff has been informed of the requirements for stating a First Amendment retaliation claim. *See* ECF No. 11 at 3. His allegations fail under those standards. Plaintiff's purported failure to participate in Gamberg's investigation is not conduct protected by the First Amendment. Allegations concerning the timing of Gamberg's adverse actions relative to plaintiff's filing of administrative appeals are not enough to make out a retaliation claim. The adverse actions must be motivated by the inmate's protected conduct, not merely follow them in time.

Accordingly, plaintiff may proceed only on the claims identified herein against defendants Cate, Brackett, Gamberg, Gower, Harrison and Marquez, and the court recommends that all remaining claims and defendants be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, IT IS HEREBY ORDERED that:

1. The second amended complaint states the following potentially cognizable claims: (a) that defendants Gamberg, Brackett, Marquez, and Harrison violated plaintiff's Fourteenth Amendment right to due process in validating plaintiff as a gang member; and (b) that defendants Cate and Gower violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by retaining plaintiff in the Security Housing Unit; and

4

2. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the April 5, 2013 amended complaint, six USM-285 forms and instructions for service of process on defendants. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents, along with sufficient copies of the documents listed therein. The court will transmit the documents to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Cate, Brackett, Gamberg, Gower, Harrison, and Marquez will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. Failure to comply with this order may result in this action being dismissed.

Further, it is hereby RECOMMENDED that, with the exception of the claims identified herein against defendants Cate, Brackett, Gamberg, Gower, Harrison and Marquez, all remaining claims be dismissed from this action as improperly joined and/or for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 19, 2013.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALES, JR., | No. 2:11-cv-3196-GEB-EFB P |
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff hereby submits the following documents in compliance with the court's Screening Order:

    __1__    completed summons form

    __6__    completed forms USM-285

    __7__    copies of the endorsed April 2, 2013 second amended complaint

Dated:

                                                                             _____
                                                                             Plaintiff