UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, JR., | No. 2:11-cv-3196-GEB-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CATE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The court previously screened plaintiff's Second Amended Complaint ("SAC") (ECF No. 15) and found that it stated potentially cognizable Eighth Amendment claims against defendants Cate and Gower for retaining plaintiff in a secured housing unit ("SHU"), and Fourteenth Amendment due process claims against defendants Gamberg, Brackett, Marquez, and Harrison for validating plaintiff as a gang member. ECF Nos. 16, 18.

The matter is currently before the court on defendants' motion to dismiss. ECF No. 35. Plaintiff filed both an opposition to defendants' motion, ECF No. 48, and a motion for leave to amend and supplement his complaint, ECF No. 49. For the reasons that follow, it is recommended that (1) plaintiff's motion for leave to file a third amended and supplemental complaint be granted, (2) defendants' motion to dismiss be denied, and (3) plaintiff be granted leave to file a third amended complaint that complies with Local Rule 220 within thirty (30) days from the date of service of any order adopting this recommendation.

**I.     Plaintiff's Motion For Leave to Amend and to Supplement**

Plaintiff requests leave to amend and to supplement his complaint. ECF No. 49. Each request is addressed below.

**A.     Leave to Amend**

Plaintiff seeks leave to amend his complaint to add a request for "[c]ompensatory damages of $100,000 . . . against defendants Cate and Gower." *See* ECF No. 50 at 5. "A party desiring to change the demand for relief may do so under Rule 15(a)" of the Federal Rules of Civil Procedure.[1] 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1474 (3d ed.).[2] Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Here, the court directed the U.S. Marshal to serve plaintiff's second amended complaint on January 22, 2014, ECF No. 23, and defendants filed a motion to dismiss under Rule 12(b) on June 12, 2014, ECF No. 35. Plaintiff did not move to amend his complaint until August 25, 2014—more than 21 days after defendants filed their motion to dismiss. *See* ECF No. 49. Therefore, he may not amend as a matter of course under Rule 15(a)(1). He may, however, under Rule 15(a)(2) amend with the court's leave. The Rule makes clear that "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Ninth Circuit has directed courts to apply this policy with "extreme liberality," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

When determining whether to grant leave to amend under Rule 15(a)(2), a court should consider the following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying

---

[1] All subsequent references to "Rule" are to the Federal Rules of Civil Procedure.

[2] "Technically, these amendments are not necessary since Rule 54(c) provides that regardless of the formal demand for relief, 'the final judgment should grant the relief to which each party is entitled . . . .'" *Id.* (footnotes omitted).

2

1  leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse
2  of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

3  Although defendants oppose granting leave to amend, they do not argue that plaintiff has
4  acted with bad faith or that they would be prejudiced by the proposed amendment. They do argue
5  that "[plaintiff's] failure to add this claim sooner amounts to undue delay," that "his claims are
6  futile," and that his proposed amendment cannot save his complaint. ECF No. 59 at 3, 5. First,
7  plaintiff has not unduly delayed his request. He filed his motion to amend promptly after
8  receiving defendants' motion to dismiss (which essentially argued that plaintiff's Eighth
9  Amendment claim was moot because of plaintiff's failure to request monetary damages). Further,
10 defendants articulate no prejudice from the passage of time prior to the filing of the motion. As to
11 the futility of plaintiff's claims, the court previously screened the SAC and found that it stated
12 potentially cognizable Eighth Amendment claims against Cate and Gower. *See* ECF Nos. 16, 18.
13 Plaintiff's motion does not seek to add a new "claim" against Cate and Gower, but rather only a
14 new demand for relief. *See Federal Practice and Procedure* § 1474, *supra* note 2. A change in
15 the demand for relief is of no consequence to that finding.

16 In light of the applicable standards and having considered the relevant factors, it is clear
17 that plaintiff must be granted leave to amend to add a request for compensatory damages against
18 Cate and Gower.

19 **B.     Leave to Supplement**

20 Plaintiff's motion to supplement his complaint seeks to add new claims against new
21 defendants. ECF No. 50-1 at 2. These new claims are predicated on an allegation that T. Miner
22 and S. Fernberg failed to follow the California Department of Corrections Operations Manual
23 ("DOM") and, as a result, "plaintiff's release from the SHU was arbitrarily delayed." *Id.* at 4.

24 Under Rule 15(d), a court "may, on just terms, permit a party to serve a supplemental
25 pleading setting out any transaction, occurrence, or event that happened after the date of the
26 pleading to be supplemented." "The rule is a tool of judicial economy and convenience. Its use
27 is therefore favored." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988); *see also San Luis &*
28 *Delta-Mendota Water Authority v. U.S. Dept. of Interior*, 236 F.R.D. 491, 497 (E.D. Cal. 2006)

(identifying nine factors that the Supreme Court and Ninth Circuit have applied in determining the appropriateness of supplementation).

A supplemental pleading "cannot be used to introduce a separate, distinct and new cause of action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). However, "[w]hile some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction." *Keith*, 858 F.2d at 474. "[T]here is ample authority for adding new defendants in a supplemental complaint." *Id.* at 476.

Defendants argue that plaintiff's claims against Miner and Fernberg are "at best[] only tangentially related to the claims in the SAC." ECF No. 59 at 6. Defendants elaborate:

> Neither of these two proposed Defendants were involved in any way with the decision to validate Plaintiff or place him in a SHU, which provide the bases of his Complaint. And the DRB's decision to release Plaintiff from the SHU is completely separate from the question of whether he was properly validated in the first instance. And none of the existing defendants was involved in the DRB's decision.

*Id.*

Defendant's argument is essentially that plaintiff's claims against Miner and Fernberg do not arise out of the same transaction as the claims in his SAC. The Ninth Circuit, however, has explicitly rejected a transaction theory. *Keith*, 858 F.2d at 474. Rather, the inquiry is whether the new allegations are sufficiently related to the existing claims that judicial economy would be served by granting the motion rather than adjudicating the claims in separate lawsuits. Here, plaintiff's claims against Miner and Fernberg—specifically, that they denied plaintiff due process in delaying his release from SHU—has "some relationship" to his claim that plaintiff should not have been validated or placed a SHU to begin with and proceeding with the claims in a single action is more efficient than requiring plaintiff to file a new action on the later allegations. *Cf. Gamez v. Gonzalez*, No. 1:08-cv-01113-LJO-GSA-PC, 2013 WL 5519576, at *6 (E.D. Cal. Oct. 3, 2013) (permitting new claims against new defendants after finding that the new claims were

based on plaintiff's re-validation in 2012 and therefore "a continuation of [his] allegations against defendants for improperly validating him as a gang associate beginning in 2003.").

Moreover, the relatedness of the original and supplemental complaint is just one factor that courts look at. *See San Luis & Delta-Mendota Water Authority*, 236 F.R.D. at 497. The undersigned also finds that supplementation would serve the interests of judicial economy. *Cf. Gamez*, 2013 WL 5519576, at *6 ("Because the court finds continuity between the 2010 allegations and the 2012 allegations, it serves judicial economy to allow Plaintiff to litigate all of these allegations in one lawsuit, rather than in multiple lawsuits."). There is no evidence of delay, bad faith, or dilatory motive on the part of plaintiff, and it and cannot be said that he has repeatedly failed to cure deficiencies in his complaint given that the court found the SAC at least stated causes of action against defendants. Amendment would also not impose undue prejudice on the defendants, as they have not filed an answer and the court has not even set discovery dates. As to futility of the amendment, assuming that plaintiff files (as directed below) a complete third amended complaint consistent with the facts he presented in his motion to supplement, that complaint will state a potentially cognizable claim that Miner and Fernberg violated his Eighth Amendment right to be free from cruel and unusual punishment by retaining plaintiff in a SHU.[3]

Accordingly, it is recommended that plaintiff's motion to add new claims against Miner and Fernberg premised on the alleged improper delay in the release of plaintiff from the SHU be granted.

**C.    Local Rule 220**

Local Rule 220, which requires that:

> [E]very pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with.

/////

---

[3] The remaining factors that the court identified in *San Luis & Delta-Mendota Water Authority* are simply not at issue in this case.

Plaintiff's proposed amended complaint, ECF No. 50, is not complete without necessitating reference to prior pleadings. Although plaintiff has not complied with Local Rule 220, that rule provides the remedy for noncompliance: plaintiff's complaint is simply not deemed amended or supplemented until he files one that is complete in itself. It is therefore recommended that the court grant plaintiff thirty (30) days from the date of service of any order adopting this recommendation to file a third amended complaint which complies with Local Rule 220. Plaintiff is admonished that the amended complaint must be complete in and of itself and stand on its own without reference to the previous complaints. All claims and factual allegations must be included in the new complaint and plaintiff may not simply incorporate by reference text that was in any of the prior complaints.

**II.      Defendants' Motion to Dismiss**

In light of the recommendation as to leave to amend, it is recommended that defendants' motion to dismiss be denied without prejudice. Defendants argue that the court should dismiss plaintiff's SAC because (1) plaintiff's Eighth Amendment claims against Cate and Gower are moot, (2) the SAC fails to allege sufficient facts to state an Eighth Amendment claim against Cate, and (3) the SAC fails to state a due process claim against Brackett, Gamberg, Harrison, and Marquez. ECF No. 36 at 5, 7-8. However, if plaintiff files a third amended complaint that complies with the Local Rules, the court will screen that complaint pursuant to 28 U.S.C. § 1915A. The amended complaint may be responsive to and cure one or more of the deficiencies alleged by defendants in their motion to dismiss. Further, any amended complaint will supersede the SAC that defendants have moved to dismiss, rendering the earlier complaint of no legal effect and defendants' motion moot.

**III.     Recommendation**

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for leave to file a third amended (ECF No. 49) be granted;

2. Defendant's motion to dismiss plaintiff's SAC (ECF No. 35) be denied; and

/////

/////

6

3. Plaintiff be granted thirty (30) days from the date of service of any order adopting this recommendation to file a third amended complaint that complies with Local Rule 220.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 8, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE